## COMMONWEALTH vs. PETER G. DOUGLASS.

Subornation of perjury may be proved by the testimony of one witness.

On the trial of A. for suborning B. to commit perjury on a former trial of A. for another offence, a witness testified that B., on that former trial, swore that he came from L., as a witness on that trial, in consequence of a letter written to him by A. *Held,* that although this was not evidence that A. wrote such letter to B., yet it was evidence that B. so testified in the presence of A., and as A. thereby had an opportunity to prove, but did not prove, on the trial for suborning B., in what manner or by whose agency B. came from L., such testimony of B. might be considered by the jury, in connexion with the other evidence in the case.

Though a party, who is charged with subornation of perjury, know that the testimony of a witness whom he called would be false, yet if he did not know that the witness would wilfully testify to a fact, knowing it to be false, he cannot be convicted of the crime charged.

To constitute subornation of perjury, the party charged must procure the commission of the perjury, by inciting, instigating or persuading the witness to commit the crime.

THE defendant was convicted, at the last April term of the court of common pleas, of the crime of suborning and procuring one Fanny Crossman to commit wilful and corrupt perjury upon his trial, at a former term of said court, on an indictment against

---

him for forgery. He thereupon alleged the following exceptions to the opinions and directions of said court :

1. " The counsel for the defendant contended, that in proving that part of the indictment which alleged that he suborned Fanny Crossman to commit the crime of perjury, it was necessary it should be proved by two witnesses, or by more evidence than the testimony of one witness. But the court instructed the jury, that all which was necessary in proving this part of the indictment was, that there should be sufficient evidence to satisfy them beyond a reasonable doubt.

2. " The court instructed the jury, that if it was proved to them, beyond a reasonable doubt, that the defendant, on the former trial for forgery (stated in the indictment) put Fanny Crossman on the stand, or caused her to be put on the stand, as a witness, knowing that she would testify as set forth in the indictment, and intending that she should so testify, and he put her on the stand, or caused her to be put on the stand, for the purpose of her so testifying, and she did so testify, and such testimony was false, and he knew, when he put her on the stand, or caused her to be put on the stand, that if she did so testify, her testimony would be false ; it would be sufficient to prove that part of the indictment which alleged that the defendant suborned Fanny Crossman to commit perjury, as set forth in the indictment.

3. " One Smith, having been called by the government to prove what said Fanny Crossman testified on the former trial, and having sworn, among other things, to the testimony of said Crossman that she came from Lowell to be a witness on the former trial, in consequence of a letter written to her by the defendant, the court instructed the jury that this was not to be taken by them as evidence that the defendant did write such a letter ; but the fact that she did so testify on the former trial, in the hearing of the defendant, and he thereby had notice that she made such a statement, and had an opportunity, on this trial, if he chose, to prove in what manner and by whose agency she came from Lowell, might be taken into consideration by them.

" The defendant also objected to this portion of the testimony

of Smith, as it was not any portion of the testimony of Fanny Crossman, set forth in the indictment. It was admitted, on the ground that it was proper that the whole of what Fanny Crossman testified on the former trial should be given in evidence on this trial."

The defendant also alleged an exception to the order of the court overruling a motion made by him, in arrest of judgment

*F. Hilliard*, for the defendant.

*Austin*, (Attorney General,) for the Commonwealth.

WILDE, J. Upon the trial of this case in the court of common pleas, several exceptions were taken, by the defendant's counsel, to the ruling of the court as to the evidence, and to the instructions given to the jury, upon which he moves for a new trial.

The first exception relates to the evidence necessary to prove the crime charged in the indictment. The defendant's counsel contends that the whole charge must be proved, either by two witnesses, or by one witness and by other independent evidence corroborative of his testimony. It is admitted that such evidence is necessary to substantiate that part of the indictment which alleges that the crime of perjury was committed by the person therein named ; and in this respect no objection is made to the instructions of the court to the jury. And as to that part of the indictment, which charges the defendant with subornation of perjury, or procuring the commission of the said crime, we think it very clear that the same rule of evidence does not apply. The reason of the rule in cases of perjury is, that the same effect is to be given to the testimony of the party accused, as to that of the accusing witness, so that if there be no other proof, the scale of evidence is poised ; there being witness against witness, oath against oath. No such reason exists as to the proof of that part of the indictment which charges the defendant with the procuring of the commission of the perjury ; and this part of the charge, as we think, may undoubtedly be proved by the testimony of one witness. This exception therefore is not founded on any good reason, nor do we find it sustained by any authority.

Another exception to the ruling of the presiding judge, and his instructions to the jury, has been considered by the court, although it does not seem to be of much importance. A witness was called by the prosecuting officer, to prove what Fanny Crossman, charged with the crime of perjury, testified on the former trial ; and in stating her testimony, the witness testified, among other things, that she swore that she came from Lowell to be a witness on the former trial, in consequence of a letter written to her by the defendant. The defendant's counsel contended, that the jury should have been instructed to reject this part of the witness's testimony altogether ; but the judge left it to the jury, not as evidence of the fact that the defendant did write such a letter, but as evidence that she did so testify in the defendant's presence, and as he did not prove in what manner, and by whose agency, she came from Lowell, that circumstance might be considered by the jury. The evidence is not reported, and we cannot say that the testimony objected to might not have some bearing, in connexion with other evidence, and if it had, we think the charge of the court was correct.

The remaining exception to the charge of the presiding judge is of more importance, and is, we think, well founded. The jury were instructed, that if certain facts stated in the exceptions were proved beyond a reasonable doubt, it would be sufficient proof of that part of the indictment which alleges that the defendant suborned the said Fanny Crossman to commit perjury. Now we are of opinion that all these facts might exist, and yet the defendant might not be guilty of the crime charged in the indictment. The defendant might know, or believe — for he could not know with certainty — that the witness whom he called would testify as she did ; and he might know that her testimony would be false ; but if he did not know that she would wilfully testify to a fact, knowing it to be false, he could not be convicted of the crime charged. If he did not know or believe that the witness intended to commit the crime of perjury, he could not be guilty of the crime of suborning her. To constitute perjury the witness must wilfully testify falsely, knowing the testimony given to be false. 1 Hawk. *c.* 69, § 2. Bac. Ab

Perjury, A. 2 Russell on Crimes, (1st ed.) 1753. A witness, by mistake or defect of memory, may testify untruly without being guilty of perjury or any other crime.

There is another inaccuracy or defect in the instructions to the jury, which had a tendency to mislead them, and which we deem material. According to the instructions, the jury were authorized to convict the defendant, although he had never seen the perjured witness, or had never had any communication with her, before she was called to testify. The knowledge he had of what she would probably testify might have been obtained from others, to whom she might have related the facts to which she afterwards testified. And if this were the fact, it is very clear that the defendant is not guilty of the crime charged. To constitute subornation of perjury, the party charged must have procured the commission of the perjury, by inciting, instigating, or persuading the guilty party to commit the crime. The calling of a witness to testify, with the knowledge or belief that he will voluntarily testify falsely, is certainly not sufficient to constitute the crime of subornation of perjury. The facts, therefore, stated in the instructions, do not constitute that crime. The evidence should have been submitted to the jury, with proper instructions defining the crime charged, leaving them to decide, upon the whole evidence, whether the defendant did procure and incite the witness, who was called, to testify falsely, or whether it was her own voluntary act, without any solicitation on the part of the defendant.

Several objections were made to the sufficiency of the indictment, on a motion in arrest of judgment, which have been discussed by the counsel. But as the case is to be sent to a new trial, it is not necessary to express an opinion upon these objections, at the present time.

*Verdict set aside, and a new trial granted.*